Jones, J.
 

 The action of the trial court in admitting these two letters in evidence was clearly erroneous. There is no rule of evidence which would sanction their admission. These letters were not written by or to a party to the suit; nor does the record disclose that the defendant below had any connection therewith, or any knowledge of their existence. They were not competent as part of the
 
 res gestae,
 
 since they contained no declaration made by or to a party to the action, or by any one authorized to speak for the defendant therein. They were evidently written by a woman to a business associate of the plaintiff’s husband, and, as against the defendant, were hearsay statements purely. No authority need be cited to show the incompetency of this class of testimony. The Court of Appeals was right in holding that these letters were erroneously admitted in evidence.
 
 *471
 
 However, the Court of Appeals, although finding the action of the lower court in this respect erroneous, held that the admission of such evidence was not so prejudicial as to require a reversal of the judgment. Accordingly it required a remittitur of $15,000, and modified and affirmed the judgment after the remittitur had been consented to by the plaintiff below.
 

 •The implications contained in these letters were extremely lewd and lascivious in character; they indicated that a liaison existed between the husband of the plaintiff and the defendant. Moreover, if the jury believed the statements contained in these letters, the natural effect of the obscene and lascivious language used in them would be such as to arouse the passion and prejudice of the jury. It is, however, urged that, were these letters excluded, there was sufficient evidence upon which to base a substantial award for damages. While we may accede to this claim, we have no hesitation in saying that the contents of these letters had a natural tendency to enhance the amount of damages which the jury would otherwise have awarded. This verdict was for the sum of $50,000, and the simple fact that the Court of Appeals remitted such a large sum therefrom is indicative not only of the fact that these letters induced the amount of the original verdict, but also of the fact that their admission was calculated to arouse passion and prejudice. There is no doubt that they were extremely prejudicial to the defendant below.
 

 The Court of Appeals erred in not remanding the case for a new trial. The judgment of the
 
 *472
 
 Court of Appeals is reversed, and the cause remanded for that purpose.
 

 Judgment reversed and cause remanded.
 

 Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.