## HORRIGAN v. STAGG.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1578. Decided Nov. 17, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

**480. EVIDENCE—941. Practice and Procedure.**

Where claimed hearsay evidence is voluntary statement and no ruling of court is made in respect to it, nor any motion made to exclude it, mere exceptions not sufficient.

Error to Common Pleas.

Judgment affirmed.

R. S. Swepston, Columbus, for Horrigan.
L. P. Henderson, Columbus, for Stagg.

## FULL TEXT.

BY THE COURT.

This action was brought in the court below by Charles W. Stagg against John T. Horrigan to recover damages for alienation of affections of the plaintiff's wife. The case was tried to a jury and resulted in a verdict and judgment of $1,000.00 and costs. Horrigan brings a proceedings in error in this court to reverse the judgment of the court below. Counsel for plaintiff in error calls the attention of the court to the testimony of W. H. Farley at page 45 of the record and also to the testimony of Ethel Stagg at page 52 of the record and the testimony of Charles W. Stagg at page 66 and M. R. Andrix at pages 33 and 34.

Counsel for plaintiff in error contends that the evidence admitted transgresses the rule laid down in the cases of Westlake v. Westlake, 34 Ohio State, 621, Preston v. Bowers, 13 Ohio State, page 1, and Geller v. Geller, 115 Ohio State 468. The substance of the rule recognized in the cases of Westlake v. Westlake and Preston v. Bowers is that the declarations of the wife are competent to prove the state of her mind but that the testimony tending to prove the declarations of the husband would be hearsay. The case of Geller v. Geller, 115th Ohio State, holds to the same principle as to hearsay evidence. We have carefully examined all the evidence referred to and we find only one case where testimony came in tending to show the declarations of the husband and that was on page 46 of the testimony of Farley. The question was proper and the answer was proper up to a certain point where the witness volunteered the statement to the effect that Horrigan "had told her that," that is, she and the children would be taken care of. This was a voluntary statement and no ruling of the court was made in respect to it nor was any motion made to exclude the testimony. There is simply the statement as follows: "Exceptions by defendant." In the absence of a ruling by the court or of a motion to strike the testimony out we think the mere exceptions are not sufficient. We find, therefore, no prejudicial error in respect to the alleged admissions of hearsay evidence of declarations by the defendant below. We have examined the evidence and find that there is sufficient evidence offered by the plaintiff which if believed by the jury would justify the verdict. This testimony was either denied or attempted to be explained by testimony of the defendant. We are of the opinion, however, that the whole question was one for the jury and that the verdict is not contrary to the manifest weight of the evidence.

Finding no prejudicial error the judgment is affirmed.

(Ferneding, Kunkle and Allread, JJ., concur.)